W. H. TOMPKINS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109250. Promulgated July 10, 1942.

*I. R. Schulman, Esq.,* and *Albert B. Maloney, C. P. A.,* for the petitioner.

*John R. Stivers, Esq.,* for the respondent.

#### OPINION.

KERN: This case comes before us on respondent's finding of a deficiency in petitioner's income tax for the year 1939 in the amount of $399.72, of which $397.60 is now in controversy. The sole question is whether respondent erred in disallowing the deduction as expense of $2,840 representing the value of tires on trucks bought in 1939. The facts were stipulated and may be summarized as follows:

Petitioner is a Tennessee corporation with its principal office at 908 Third Avenue, North, Nashville, Tennessee. It filed its return for the year involved with the collector of internal revenue for the district of Tennessee. Petitioner is engaged in the transportation of commodities as a "Class I Common Carrier" of property under the authority of the Interstate Commerce Commission.

Petitioner claimed a deduction of $2,840 representing the value of truck tires on trucks purchased during the calendar year of 1939, the cost of the tires being charged to operating expenses. It was disallowed by the Commissioner, who held that, inasmuch as the tires were purchased with the trucks and as an integral part of them, the entire cost of the trucks fully equipped should be capitalized.

Pursuant to sections 204 (A) and 220 (A) of the Motor Carrier Act of 1935, the Interstate Commerce Commission issued an order dated November 29, 1937, setting up a uniform system of accounts prescribed for "Class I, Common and Contract Motor Carriers of Property,"

effective as of January 1, 1938. This Board takes judicial notice of the act in question, and orders and regulations issued under it. The Commission's "Uniform System of Accounts" was in effect during the year 1939. Section 222 (G) of the act defined as a misdemeanor the failure to keep accounts, records, and memoranda in the form and manner approved or prescribed by the Commission and affixed a penalty of a fine of not less than $100 and not more than $5,000 for each offense.

The cost of the tires was charged to operating expenses (and later deducted) pursuant to a letter of December 15, 1939, received by petitioner from W. Y. Blanning, director of the Commission's Bureau of Motor Carriers, after an audit of accounts made by B. J. Dickson, an agent of the Commission, on November 14, 1939, in which the following statement was made:

You have included the cost of original tires and tubes acquired in the purchase of revenue equipment in account 1221. The text of that account specifically provides for the exclusion of the cost of tires and tubes therefrom. On all revenue equipment acquired subsequent to December 31, 1938, such costs should be accounted for as provided in Paragraph B of account 4160—Tires and Tubes—Revenue Equipment.

The average life of a tire used on trucks operated by the taxpayer does not exceed ninety days and in no event do they last longer than six months. When the Commissioner disallowed the cost of the tires as a deduction for expenses, petitioner claimed depreciation on them and was allowed $394 in the taxable year, the restoration of which to income the taxpayer agrees to, should the present appeal be adjudged in its favor.

It will be seen that the question is a narrow one, whether petitioner is entitled to deduct as expense incurred in the year the cost of the original pneumatic tires and tubes with which its trucks are fitted, as required by the Interstate Commerce Commission's system of accounting, or must treat them as a capital expenditure, subject to depreciation, as contended by the respondent. Respondent concedes that all later tires than those with which the trucks are originally fitted may be treated as a deductible expense. The other salient facts are that petitioner is required as a common carrier to follow the Interstate Commerce Commission's system of accounting under a penal statute, and that the tires and tubes in question seldom last more than three months and never more than six under petitioner's conditions of wear. This last fact is highly significant, for it shows that, apart from the trucks of which the tires were a necessary accessory, the tires need not have been depreciated at all. They were a constantly recurring expenditure within the year.

Petitioner contends that the system of accounting enforced upon it

under pain of a heavy statutory penalty by the Interstate Commerce Commission requires the same treatment for Federal income tax purposes. This is not so. *Old Colony Railroad Co.* v. *Commissioner,* 284 U. S. 552. The Supreme Court there said:

\* \* \* Moreover, the rules of accounting enforced upon a carrier by the Interstate Commerce Commission are not binding upon the Commissioner, nor may he resort to the rules of that body, made for other purposes, for the determination of tax liability under the revenue acts. *Kansas City Southern Ry. Co.* v. *Commissioner,* 52 F. (2d) 372; certiorari denied, post, p. 676. Compare *Chicago, R. I. & P. Ry. Co.* v. *Commissioner,* 13 B. T. A. 988, 1027; *Fall River Electric Light Co.* v. *Commissioner,* 23 B. T. A. 168.

Nor need we concern ourselves with petitioner's plea that requiring it to depreciate the cost of its tires over the life of its trucks instead of allowing it to deduct their cost as expense, in accord with the Interstate Commerce Commission's method, would impose undue hardship in keeping two sets of books. We are concerned only with the question, which method more accurately reflects income?

Respondent's plea that the capitalization of tires as a part of the truck, or put otherwise, that the capitalization and corresponding compensation by way of annual deductions for depreciation of the entire truck, fully equipped, is the normal income tax method of accounting to apply, can not be ignored and deserves serious consideration. He suggests that if original tires are treated as an expense, it would be as reasonable to treat the horn of the truck or any other easily separable part of its mechanism so. This argument, it is true, if pursued to its logical end, would bring petitioner's claim to a *reductio ad absurdum.* But logic must give way to practical considerations and a practical line must be drawn. Respondent's contention that the truck as an integral whole should be depreciated has the merit of consistency with a general rule of accounting practice. On the other hand, we are concerned here with finding a method which will best reflect petitioner's income and not with the logic of accounting except as it affects that problem. Obviously, to depreciate tires which will be worn out in six months over a period of seven to ten years, which, at a rough guess, is the possible life of the trucks, seems a manifest absurdity, and by denying the full deduction of their cost in the year of purchase as an expense, we should, in effect, distort petitioner's income for that year.

But, as we have already said, it is obvious that we can not allow as an expense every part of the mechanism of the trucks which *might* wear out within less than a year. When this is said, the line of demarcation begins to emerge. Tires are ordinarily considered as a rapidly consumable part of a commercial truck. In the instant proceeding it is stipulated that petitioner's tires will not last longer than six months.

They are easily separable and are not a part of the truck's mechanism, closely interrelated with other parts and affected by those parts in their wear and tear. This being so, we can see no basic objection to excepting tires from the respondent's usual rule of accounting, and treating them, when consumable within the year, as an expense fully deductible in the year of purchase.

*Decision will be entered under Rule 50.*