Interstate Truck Service, Inc. v. Commissioner.
Interstate Truck Service, Inc. v. Commissioner
Docket No. 64853.
United States Tax Court
T.C. Memo 1958-219; 1958 Tax Ct. Memo LEXIS 3; 17 T.C.M. (CCH) 1079; T.C.M. (RIA) 58219; December 31, 1958
*3 William F. Keefer, Esq., and John Wiseman, C.P.A., 1219 Chaplin Street, Wheeling, W. Va., for the petitioner. Leo A. Burgoyne, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined deficiencies of $7,928.47 and $13,646.37 in the petitioner's income tax for 1952 and 1953, respectively. The principal issue presented for decision is whether the respondent erred in disallowing deductions of $7,080.34 and $16,043.82 taken by petitioner in 1952 and 1953, respectively, as business expenses and representing the cost of tires mounted on trucks, tractors and trailers purchased in the respective years. Findings of Fact Some of the facts have been stipulated and are found accordingly. The petitioner is a West Virginia corporation, organized in 1938, and has its principal business office in Martins Ferry, Ohio. It filed its Federal income tax returns for 1952 and 1953, prepared on an accrual basis, with the district director in Cleveland, Ohio. Following its organization and throughout the years 1952 and 1953 the petitioner engaged in the business of motor freight transportation using trucks, tractors and trailers *4 in the conduct of its business. During the taxable years in question the petitioner was a "Class 1 Motor Carrier" of property under the authority of the Interstate Commerce Commission. The Uniform System of Accounts for Class 1 Common and Contract Motor Carriers of Property prescribed by the Interstate Commerce Commission in accordance with part II of the Interstate Commerce Act, Issue of 1952, Revised to January 1, 1952, provides that there shall be excluded from capitalization of revenue equipment the cost of tires and tubes furnished by the vendor with newly acquired revenue equipment. Such tires and tubes on purchased revenue equipment may either be charged directly to expense or may be charged to a prepaid account to be written off over the life of the tires and tubes. The cost to petitioner of tires and tubes furnished by vendors with newly acquired revenue equipment was $7,080.34 for 1952 and $16,043.82 for 1953. The petitioner debited those amounts on its books to expense for the respective years. In its income tax returns for 1952 and 1953 the petitioner deducted the foregoing respective amounts as business expenses. In determining the deficiencies the respondent disallowed *5 the deductions on the ground that the amounts thereof represented capital expenditures. With respect to the expenditure for tires and tubes for 1952 the respondent allowed a deduction of $1,139.26 for depreciation. With respect to the expenditure for tires and tubes for 1953 the respondent allowed a deduction of $3,137.84 for depreciation. During the years 1947 through 1951 the petitioner purchased tractors and trailers with tires and tubes mounted thereon. The cost of such tires and tubes was debited to expense on the petitioner's books and deducted as an expense in its income tax returns for the years in which purchased. Each of petitioner's tractors used 6 tires, 2 on the front axle and 4 on the 2 dual wheels mounted upon the rear axle. Each trailer used 4 tires on dual wheels mounted upon a single axle. All of the tires purchased by petitioner upon newly acquired equipment during 1952 and 1953 were interchangeable. No retreaded tire was used upon the front axle of tractors. The average mileage obtained upon tires so used was 60,000 miles before it became necessary to retread or discard the same as no longer usable. Tires mounted upon all other axles under petitioner's equipment *6 were usable on their first retread for an average of 35,000 miles with one exception. Fifteen per cent of all tires purchased by petitioner upon new equipment were damaged to an extent that they were no longer usable regardless of whether they were at that time otherwise worn out. All tires being interchangeable were constantly being interchanged by petitioner during the years at issue for the purpose of obtaining the best possible mileage therefrom. Sixty per cent of the remaining 85 per cent of such tires were retreaded and used by petitioner for an additional 25,000 miles on the average. Ten per cent of that number were retreaded and were used for an additional 25,000 miles on the average. A period of approximately 6 months was required in order for petitioner to use a given tire a distance of 35,000 miles. The average mileage for all tires used by petitioner during the years at issue was 47,000 miles. Tires purchased by petitioner upon new equipment during the years at issue were on the average consumable in less than one year. Opinion Taking the position that the useful life of tires and tubes used on the trucks, tractors and trailers operated by it in its motor freight *7 transportation business was substantially less than one year, the petitioner contends that the respondent erred in disallowing the deductions in question. In support of its contention the petitioner relies on W. H. Tompkins Co., 47 B.T.A. 292. In the Tompkins case, the taxpayer used trucks in the conduct of its business as a common carrier of property. The average life of tires and tubes used on the trucks was not over 90 days and none lasted more than 6 months. The taxpayer deducted as a business expense in the year of acquisition the cost of tires and tubes purchased on the trucks. The respondent disallowed the deduction on the ground that the tires were capital items and as such were to be depreciated. There we considered at length the treatment to be accorded, for tax purposes, to tires which comprise part of a fully equipped truck at the time of the acquisition of the truck. After observing that the normal and usual rule is that the cost of the tires is to be capitalized along with the remainder of the cost of the truck and depreciated over the life of the truck as an entity, *8 we concluded that where the tires are consumable within the year there is no basic objection to excepting them from the usual rule and treating their cost as an expense deductible in full in the year of purchase. The respondent contends that the petitioner has failed to establish such a factual situation as would permit the application here of our holding in the Tompkins case. We disagree, and our ultimate conclusion of fact is dispositive of the issue. The only issue presented to us is whether petitioner's tires purchased on new equipment are to be capitalized or expensed. There is no dispute concerning petitioner's cost of such tires and tubes if such cost is deductible as an expense. We are therefore not concerned with and do not decide the number of such tires used by petitioner in those years. Having so decided, it is unnecessary for us to consider the alternative issue raised by petitioner. We find that petitioner's allocation of the cost of tires and tubes purchased upon newly acquired equipment during the years at issue is in accordance with the cost of such tires and tubes purchased by petitioner upon the open market for its inventory and that the amounts so allocated *9 are proper. Decision will be entered under Rule 50.